# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH LAVAREO COX,
        Petitioner,

v.                                             Case No. 07-C-350

RICHARD SCHNETER, Warden,
Wisconsin Secure Program Facility,
        Respondent.

## DECISION AND ORDER

Petitioner Joseph Lavareo Cox filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In 1999, petitioner pled nolo contendere to two counts of sexual assault of a child and to one count of battery. He was sentenced to 20 years in prison. Petitioner is currently incarcerated at Wisconsin Secure Program Facility.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

The threshold question with respect to this petition is whether I must dismiss it pursuant to 28 U.S.C. § 2244 because it is "second or successive." Section 2244(b) provides that a habeas petitioner may not file a second or successive habeas petition in

a federal district court until he has moved "in the appropriate court of appeals for an order authorizing the district court to consider the application." In his petitioner, petitioner asserts that he has filed a previous petition for a writ of habeas corpus in the Eastern District of Wisconsin, Case No. 05-cv-0873. However, a review of the file reveals that petitioner filed the matter under 42 U.S.C. § 1983, and that Judge Randa dismissed the case due to petitioner's failure to prosecute the action. Further, on April 13, 2007, petitioner filed a second action pursuant to 42 U.S.C. § 1983, which was assigned to me. Because petitioner's § 1983 action appeared to be more properly construed as one for relief under § 2254, I ordered petitioner to notify me as to whether he wished to recharacterize his complaint as a habeas petition. In response, petitioner filed three forms for relief under § 2241, § 2254 and § 2255. After receiving the petitions and reviewing my files, I realized that petitioner concurrently had filed the present petition for relief under § 2254. As such, I declined to recharacterize petitioner's § 1983 action and dismissed it without prejudice to allow him to proceed with the present petition. Thus, I conclude that the present petition is not a second or successive petition and I proceed to determine whether he has stated a claim for relief.

Although petitioner's petition is not entirely clear, it appears that he asserts three claims: First, petitioner asserts that the court improperly imposed a consecutive sentence; next, that he was denied good time credits; and finally, that he was denied effective assistance of trial counsel. These allegations raise colorable Constitutional claims. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Harris v. Duckworth, 909 F.2d 1057 (7th Cir. 1990); Strickland v. Washington, 466 U.S. 668, 687 (1984).

Therefore, it appears as if petitioner has stated at least cognizable constitutional claims.

Also before me is petitioner's motion to proceed in forma pauperis. However, a review of the file reveals that petitioner already has paid the $5.00 filing fee. Thus, I will dismiss the motion as moot.

**THEREFORE, IT IS ORDERED** that petitioner's motion to proceed in forma pauperis is **DENIED AS MOOT**.

**IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and

3

(2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondents and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 5 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge