# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSEPH LAVAREO COX,**
        **Petitioner,**

    v.                                        **Case No. 07-C-350**

**RICHARD SCHNEITER, Warden,**
**Wisconsin Secure Program Facility,**
        **Respondent**.

---

## DECISION AND ORDER

On April 10, 2007, petitioner Joseph Lavareo Cox filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner is currently incarcerated at Wisconsin Secure Program Facility. Before me is respondent's motion to dismiss the petition as untimely.

In 1999, petitioner pled nolo contendere to two counts of sexual assault of a child. He was sentenced to 20 years in prison on the first count. On the second count, he was sentenced to an additional 20 years in prison, which the judge stayed in favor of 20 years of probation to be served consecutively to the sentence for the first count. Petitioner appealed his conviction and sentence to the Wisconsin Court of Appeals, which summarily affirmed the circuit court proceedings on August 29, 2000. Petitioner did not seek review in the Supreme Court of Wisconsin, and the time for seeking that review expired on September 28, 2000. Wis. stat. § 809.62(1). Petitioner filed various motions for post-conviction relief, the last of which, titled "Motion for Appeal of Reduction," was filed on August 11, 2005 and denied on August 15, 2005. Petitioner attempted to appeal that

denial, but the appeal was untimely and therefore dismissed for lack of jurisdiction. Petitioner later moved to reopen the appeal, but the motion was denied.

Although the petition is not entirely clear, petitioner seems to assert claims relating to the legality of his sentence and to ineffective assistance of counsel during the proceedings that resulted in his 1999 plea and sentencing. Petitioner mentions the parole board, but apparently only in connection with challenging the length of his sentence and the effect that sentence had on his chances at parole. Petitioner also specifically requests that his 1999 sentence be vacated, claims inadequate procedure at the trial court and/or post-conviction stages, and asserts ineffective assistance of counsel during the plea and sentencing stages. Thus, it appears to me that petitioner is seeking to have his 1999 guilty plea and sentence invalidated.

A petitioner in custody pursuant to the judgment of a State court must file his petition within one year of the occurrence of any one of an enumerated list of events. 28 U.S.C. § 2244(d)(1). The one-year limitations period for challenging the conviction and sentence in this case began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). As noted above, the time for seeking review in the Supreme Court of Wisconsin expired on September 28, 2000, thereby making petitioner's conviction "final" for purposes of section 2244(d)(1)(A). Thus, the one-year period for bringing an action challenging his conviction and sentence began to run on September 29, 2000, and expired one year later on September 29, 2001.

While a properly filed application for State post-conviction or other collateral review will toll the limitations period while the application is pending, id. § 2244(d)(2), petitioner did

not file any such application during the one-year period preceding September 29, 2001. The tolling provisions in section 2244(d)(2) are therefore inapplicable. Additionally, the applications for post-conviction relief filed in 2003 and 2005 do not help petitioner, as the one-year period of time for bringing the federal habeas action had already expired prior to the filing of those applications.

To the extent petitioner is challenging the adequacy of the post-conviction proceedings, his petition in this regard is also untimely. Petitioner filed this petition on April 10, 2007, almost 17 months after the decision relating to his last post-conviction motion became final.[1] Even if you exclude the time during which petitioner's untimely appeal and motion to reopen appeal were pending, about 90 days total, the petition still comes more than a year after the conclusion of post-convictions proceedings.

Therefore,

**IT IS ORDERED** that respondent's motion to dismiss the petition as untimely is **GRANTED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 30 day of October, 2007.

/s
LYNN ADELMAN
District Judge

---

[1] The time for appeal expired and the post-conviction decision became final on November 14, 2005. Petitioner's appeal of December 6, 2005 was dismissed on February 21, 2006 as untimely. Petitioner moved to reopen the appeal, apparently on November 22, 2006, but the motion was denied on December 4, 2006 for lack of jurisdiction.